United States District Court
Middle District of Florida
Jacksonville Division

**KIMBERLY SUE DUBE,**

 *Plaintiff,*

v.                    NO. 3:25-cv-74-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

---

# Order

 The Court **denies** the motion for an award of an attorney's fee, Doc. 17, without prejudice. Any renewed motion must be filed by **June 23, 2025**.

 A fee applicant has the burden of showing requested rates are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988).

 A fee award under the Equal Access to Justice Act (EAJA) "shall be based upon prevailing market rates for the kind and quality of the services furnished," but must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

 "The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the

Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine **the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation**." *Id.* (internal quotation marks omitted; emphasis added). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Meyer*, 958 F.2d at 1033–34.

Dube fails to satisfy her burden of showing the requested rates are reasonable because she provides no information about the lawyers and paralegals who worked on the case. The Court is familiar with the skills, experience, and reputation of Erik Berger, Esquire (the lawyer who signed the motion and the only lawyer of record for Dube in the case), but no work by him is described, and the Court is unfamiliar with the skills, experience, and reputation of those for whom fees for work is claimed.

**Ordered** in Jacksonville, Florida, on June 9, 2025.

Patricia D. Barksdale
United States Magistrate Judge